(No. 38964.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DONALD EUGENE CIPOLLA, Plaintiff in Error.

*Opinion filed September 28, 1965.*

GEORGE C. HUPP, of Ottawa, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and ROBERT E. RICHARDSON, State's Attorney, of Ottawa, (FRED G. LEACH and WILLIAM A. BOMP, Assistant Attorneys General, and WILLIAM P. DENNY, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The defendant, Donald Eugene Cipolla, was indicted in the circuit court of LaSalle County for the crime of arson, and upon his plea of guilty was sentenced to a term of one to two years in the penitentiary. He prosecutes this writ of error contending that his plea of guilty was coerced, thereby depriving him of due process of law.

On February 6, 1963, fire broke out at the LaSalle County jail where defendant was incarcerated awaiting trial on a burglary charge. Defendant was charged with setting

the fire, and an indictment for arson was returned by the grand jury on February 18, 1963. At defendant's arraignment 3 days later, Joseph E. Carr, the public defender, was appointed to represent the defendant. The record indicates that on that day defendant expressed dissatisfaction with the fact that the public defender had been appointed, and after a continuance at defendant's request, the defendant again appeared before the court on March 5, 1963 and stated as follows: "Since being here I haven't had any constitutional rights explained to me. I haven't been able to brush my teeth, or write letters or shave. I asked Mr. Carr and he showed complete apathy. These are some things and complete indifference is reason enough. He has not talked to me. I would like another lawyer. I don't have any funds. I'm only asking what's fair." The court immediately vacated the appointment of the public defender and appointed Robert White to represent defendant. A plea of not guilty was subsequently entered.

On April 1, 1963, defendant's court appointed attorney appeared before the court and presented a petition for leave to withdraw as counsel for defendant on the grounds that "defendant has failed to cooperate and wilfully withholds necessary information; that he argues with counsel as to mode of conducting the defense, conducts himself in a manner contrary to counsel's instructions and prejudicial to his case; that there is conflict and ill feeling between counsel and his client and the relationship of trust has deteriorated; that because of the conflict defendant has requested counsel orally and in writing that he desires other counsel appointed to defend him." The court granted the petition and appointed Charles A. Helffrich, whose appointment was vacated the next day when it was learned that Helffrich was no longer practicing law. On the same day the court appointed George C. Hupp to represent the defendant.

Nine days later, on April 11, 1963, defendant withdrew

his plea of not guilty and indicated a desire to plead guilty at which time the court admonished him as to the consequences of such a plea. Defendant responded, "I understand I am entitled to a jury trial and that the court can sentence me to the type of imprisonment described. I understand the penalty, and I still want to plead guilty. I have discussed with Mr. Hupp the nature of the crime and the penalty. And based on all that I still want to plead guilty." The plea of guilty was entered upon a finding by the court that it was voluntarily and understandingly made, and defendant was then sentenced.

The defendant's contention that his plea of guilty was not voluntarily made is based upon the collective facts that he was not initially taken to court on the arson indictment until February 21, 1963, which was three days after the indictment was returned; that the public defender was initially appointed despite his suggestions to the contrary; the alleged fact that he was not allowed to shave and brush his teeth; and the fact that two attorneys appointed by the court were allowed to withdraw.

Defendant's contention is without merit. He cites no authority for the proposition that a three-day period between indictment and arraignment is unduly long. Nor can we perceive how the three-day period in this case could possibly have coerced defendant to enter his plea of guilty seven weeks later. There is no testimony as to mistreatment of the defendant except his statement to the court at the time he requested that the public defender's appointment be vacated on March 5, 1963. He does not contend that he was in any way mistreated subsequent to that date. Even if it was established that he had not been allowed to shave, brush his teeth and write letters prior to March 5, it can hardly be supposed that such mistreatment could have coerced a plea of guilty over five weeks later on April 11. It further appears that the court complied in every way possible with defendant's wishes as to representation by counsel. Defend-

ant's own statements to the court prior to the acceptance of his plea of guilty belie his allegation that the plea was not voluntarily given, and we have found nothing whatsoever in the record to support his contention to the contrary.

The judgment of the circuit court of LaSalle County is affirmed.

*Judgment affirmed.*